# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| SENECA RE-AD INDUSTRIES, INC.<br>602 S Corporate Drive West<br>Fostoria, OH 44830 | )<br>)<br>) |
| **Plaintiff,** | ) |
| vs. | )<br>) Case No. |
| EUGENE SCALIA, Secretary of Labor<br>United States Department of Labor<br>200 Constitution Ave., N.W.<br>Washington, DC  20210 | )<br>) Judge:<br>)<br>) |
| And | )<br>) |
| ADMINISTRATIVE REVIEW BOARD<br>200 Constitution Avenue, N.W.<br>Room S-5220<br>Washington, D.C. 20210 | )<br>)<br>)<br>) |
| **Defendants.** | ) |

### COMPLAINT APPEALING DECISIONS AND ORDERS OF
### THE U.S. DEPARTMENT OF LABOR'S ADMINISTRATIVE REVIEW BOARD
### UNDER THE ADMINISTRATIVE PROCEDURE ACT

This is an appeal brought pursuant to the Administrative Procedure Act, 5 U.S.C. §701, *et seq*., and 29 C.F.R. §525.22, by Seneca Re-Ad Industries, Inc. from two decisions and orders by the United States Department of Labor's Administrative Review Board in Case No. 16-038 ("Decision and Order Reversing, in Part, and Remanding", issued January 12, 2017), and in Case

No. 2018-0061 ("Decision and Order", issued September 14, 2020). Seneca Re-Ad seeks declaratory judgment that the Administrative Review Board, on behalf of the Secretary of Labor, erred in adopting the two decisions and orders of an Administrative Law Judge, the first issued on February 2, 2016 and the second issued on August 1, 2018.

Three individuals ("Employees") who have substantial disabilities and receive services from the Seneca County Board of Developmental Disabilities were offered and chose to become employed at Seneca Re-Ad, an entity that employs only individuals with disabilities in its production positions in accordance with a certificate issued to it by the Department of Labor under 29 U.S.C. §214(c). Seneca Re-Ad measured the productivity of these Employees frequently, as required by federal law. At all times, their measured productivity was substantially below that of a non-disabled person. Pursuant to 29 U.S.C. §214(c), the three Employees filed a petition for review of their commensurate wages with the Department of Labor. Notwithstanding the undisputed evidence of their productivity deficit, an Administrative Law Judge held that Seneca Re-Ad possessed insufficient evidence that the consistently low productivity of these Employees was due to their disabilities, as opposed, he mused, to boredom. In reaching this conclusion, the Administrative Law Judge created a new evidentiary standard that requires holders of Section 14(c) certificates to possess medical, psychological, or other unidentified evidence linking, in a causal way, a worker's disabilities and their productivity.

The decisions and orders of the Administrative Law Judge found that, although Seneca Re-Ad properly obtained a certificate from the Department of Labor to pay a special minimum wage to workers with developmental disabilities under 29 U.S.C. §214(c), Seneca Re-Ad could not pay a special minimum wage to the three Employees even though Seneca Re-Ad conducted numerous

objective tests, all of which demonstrated the Employees performed work at a much slower rate than nondisabled people. But, because it did not possess medical, psychological or other unidentified evidence that the Employees were specifically disabled for the work they performed, an evidentiary standard found nowhere in the law, the Administrative Law Judge held that Seneca Re-Ad failed to show the Employees were impaired in their productive or earning capacity. The Administrative Law Judge awarded back pay to the three Employees back to their hiring date, in violation of the Administrative Review Board's January 2017 Decision and Order Reversing, in Part, and Remanding and in violation of regulations adopted for those proceedings. Additionally, the Administrative Law Judge, without authority to do so, awarded liquidated damages to the three Employees, which awards the Administrative Review Board erroneously upheld.

Finally, Seneca Re-Ad seeks declaratory judgment that the Administrative Review Board, on behalf of the Secretary of Labor, erred in denying its challenge to the improper appointment of the Administrative Law Judge. There is no dispute that the Administrative Law Judge was not properly appointed in accordance with the United States Constitution. Rather than invalidate the decisions and orders of the Administrative Law Judge and order a new hearing, the Administrative Review Board used an improper standard of review to deny Seneca Re-Ad's challenge.

In support of its appeal, Seneca Re-Ad states:

**Parties**

1. Seneca Re-Ad is an Ohio not for profit corporation, exempted from taxation pursuant to 26 U.S.C. §501(c)(3).

2. Eugene Scalia is the Secretary of Labor for the United States Department of Labor, an executive agency of the United States government.

3. In 1996, a former Secretary of Labor created the Administrative Review Board, which is an agency within the Department of Labor. By several acts of former and the current Secretary of Labor, the responsibility to review decisions of Administrative Law Judges under 29 U.S.C. §214(c) and 29 C.F.R. Part 525 has been delegated to the Administrative Review Board.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction pursuant to federal question jurisdiction, 28 U.S.C §1331, the Administrative Procedure Act, 5 U.S.C. §701, *et seq.*, the Fair Labor Standards Act, 29 U.S.C. §214(c)(5)(G), 29 C.F.R. 525.22(h), and the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

5. In accordance with 29 U.S.C. §214(c)(5)(F) and 29 C.F.R. §525.22(g), a decision and order by the administrative law judge, together with the exceptions contained in a decision by the Administrative Review Board, on behalf of the Secretary of Labor, is deemed a final agency action. Both 29 U.S.C. §214(c)(5)(G) and 29 C.F.R. §525.22(h) authorize judicial review of that final agency action pursuant to 5 U.S.C. 701 *et seq*.

6. 5 U.S.C. §702 entitles a person suffering a legal wrong because of an agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, to judicial review of the agency action. When appropriate, 5 U.S.C. §706 requires the Court to invalidate and set aside agency action.

## Factual Allegations

7. Seneca Re-Ad incorporates the allegations made in paragraphs 1 through 6 of the complaint, as well as its introductory statement, by reference.

8. Seneca Re-Ad provides employment services to people with disabilities. Seneca Re-Ad employs and pays its employees under a certificate issued by the Department of Labor ("DOL") pursuant to 29 U.S.C. §214(c).

9. Ralph (Joe) Magers, Pamela Steward and Mark Felton (collectively, "Employees") all affirmatively chose to become employed by Seneca Re-Ad. The Employees each filed a petition for review their wages with DOL on November 17, 2015 pursuant to 29 U.S.C. §214(c) and 29 C.F.R. Part 525. An Administrative Law Judge ("ALJ") employed by DOL was assigned to hear the petitions. Following a 5-day hearing in January 2016, on February 2, 2016, the ALJ issued a Decision and Order in Case No. 2016-FLS-003 ("2016 ALJ D&O"). A copy of the 2016 ALJ D&O is attached hereto as Exhibit 1. In the 2016 ALJ D&O, the ALJ found that the three Employees were not disabled for the work performed based upon the ALJ's conclusion, for the first time ever, that the law requires medical, psychological, or some other evidence to demonstrate a nexus, or causal connection, between an individual's disability and the demonstrated reduced productivity of the individual. No statute, administrative rule, or order has ever before established such a standard. The 2016 ALJ D&O awarded the Employees back wages and liquidated damages at Ohio's minimum wage for the period December 28, 2012 through December 25, 2015 in the amount of $54,075.40. The 2016 ALJ D&O also ordered Seneca Re-Ad, "going forward", to immediately begin paying the Employees at the Ohio minimum wage for all hours worked.

10. In accordance with 29 C.F.R. §525.22, Seneca Re-Ad appealed the 2016 ALJ D&O to the Secretary of Labor. However, the appeal was heard by DOL's Administrative Review Board ("ARB").

11. On January 12, 2017, the ARB issued a Decision and Order in Case No. 16-038 ("2017 ARB D&O"). A copy of the 2017 ARB D&O is attached hereto as Exhibit 2 to the Complaint. The 2017 ARB D&O upheld the 2016 ALJ D&O in part. The 2017 ARB D&O adopted the conclusions of law in the 2016 ALJ D&O that disregarded the evidence provided by Seneca Re-Ad and approved, without the benefit of any statute, rule or prior decision of DOL, that holders of certificates under 29 U.S.C. §214(c) must possess medical, psychological, or other unidentified evidence that demonstrates a causal connection between individual's physical or mental disability and the individual's measured reduced earning or productive capacity for specific work. Although the 2017 ARB D&O agreed with Seneca Re-Ad that no properly adopted regulation by DOL addressed the ALJ's conclusion that such evidence was required to demonstrate that the employee was impaired for the work to be performed, it did not overrule the ALJ's conclusion in that regard. The 2017 ARB D&O also upheld the ALJ's determination that 29 U.S.C. §216(b) authorizes payment of liquidated damages in a petition for review proceeding.

12. The 2017 ARB D&O found that the ALJ improperly calculated back pay damages to the three Employees at the Ohio, not federal, minimum wage. As a result, the 2017 ARB D&O issued an exception to the ALJ's calculation of damages and remanded the case "for the ALJ to recalculate damages in light of the federal minimum wage."

13. Despite the remand order issued in January 2017, the ALJ did not take any action to comply with the 2017 ARB D&O until April 2018. At that time, he improperly reopened the record in violation of 29 C.F.R. §18.90, requested briefs from the parties on the calculation of damages, and held an oral argument hearing on the award of damages on June 29, 2018. During this oral argument, the ALJ admitted that he had not been properly appointed to his position by the

6

Secretary of Labor, but that his appointment had been subsequently ratified, and he did not "see how these proceedings are affected in any way by the Supreme Court's decision in the *Lucia* case, L-U-C-I-A." On August 1, 2018, the ALJ issued a second Decision and Order ("2018 ALJ D&O"). A copy of the 2018 ALJ D&O is attached hereto as Exhibit 3. In the 2018 ALJ D&O, the ALJ recognized that his decision to reopen the record was not in compliance the governing regulation, as the circumstances did not meet the standard for reopening the record. Nevertheless, the ALJ awarded the three Employees back pay from their date of hire with Seneca Re-Ad until February 1, 2016. He again awarded liquidated damages to each Employee.

14. Seneca Re-Ad appealed the 2018 ALJ D&O to the ARB. Additionally, Seneca Re-Ad filed a Motion to Vacate with the ARB, challenging the prior decisions and orders of the ALJ due to his improper appointment in violation of the United States Constitution.

15. On September 14, 2020, the ARB issued a Decision and Order, upholding the 2018 ALJ D&O and denying Seneca Re-Ad's Motion to Vacate ("2020 ARB D&O"). A copy of the 2020 ARB D&O is attached hereto as Exhibit 4.

16. 29 C.F.R. §525.22(h) requires Seneca Re-Ad to seek judicial review within 30 days of issuance of the final action of the ARB. In accordance with Secretary's Order 01-2020, though, decisions made by the ARB under 29 U.S.C. §214(c) and 29 C.F.R. Part 525 are now subject to discretionary review by the Secretary of Labor. Pursuant to Secretary's Order 01-2020, upon request of a party, the ARB decides whether to refer a case to the Secretary of Labor for discretionary review. The Secretary of Labor also may, in his/her discretion, direct the ARB to refer such decision to the Secretary for review.

17. Although Seneca Re-Ad sought discretionary review by the Secretary of Labor, as of the filing of this Complaint, no such discretionary review has been granted. Therefore, for purposes of 5 U.S.C. §704, the 2017 ARB D&O and the 2020 ARB D&O constitute "final agency action" from which Seneca Re-Ad must timely seek judicial review.

## Statement of Basis of Appeal

18. Seneca incorporates the allegations made in paragraphs 1 through 17 of the complaint, as well as its introductory statement, by reference.

19. In particular, and not by way of limitation, the 2016 ALJ D&O, the 2017 ARB D&O, the 2018 ALJ D&O, and the 2020 ARB D&O rely on the ALJ's unqualified conclusions regarding the impact of the Employees' admitted disabilities on their ability to perform their jobs and is not based upon observation of them at work and undisputed evidence that their productivity was less than that of a non-disabled person. As a result, the ALJ exceeded his authority provided by 29 C.F.R. §525.22(e). Further, the 2016 ALJ D&O, the 2017 ARB D&O, the 2018 ALJ D&O, and the 2020 ARB D&O impose an evidentiary burden absent from both the Fair Labor Standards Act and the Secretary's regulations issued under 29 U.S.C. §214(c). The burden created by the ALJ, and affirmed by the ARB, requires Seneca Re-Ad to prove by "medical, psychological or other [unidentified] evidence" that a causal connection exists between the disabilities of the employees and the markedly reduced productivity of the employees for the specific work performed. This requirement is not contained in the law or regulations. As admitted by the 2017 ARB D&O, neither 29 U.S.C. §214(c) nor 29 C.F.R. Part 525 require such evidence to show a causal connection between an individual's physical or mental disability and the individual's demonstrated impaired earning or productive capacity for the work performed.

8

20. The 2016 ALJ D&O, the 2017 ARB D&O, the 2018 ALJ D&O, and the 2020 ARB D&O improperly awarded liquidated damages to the Employees pursuant to 29 U.S.C. §216(b), asserting that Seneca Re-Ad violated 29 U.S.C. §206. Due to the operation of 29 U.S.C. §213(a)(7) and the plain language of 29 U.S.C. §216(b), neither the ALJ nor the ARB (nor the Secretary himself for that matter) had authority to award liquidated damages to the Employees.

21. Seneca Re-Ad timely and properly raised the issue of the ALJ's unconstitutional appointment to the ARB. The ARB improperly denied Seneca Re-Ad's Motion to Vacate based upon an improper legal standard.

22. Taken together, the conclusions, decisions, and orders of the ALJ and the ARB set forth in the 2016 ALJ D&O, the 2017 ARB D&O, the 2018 ALJ D&O, and the 2020 ARB D&O are (a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (b) contrary to constitutional right, power, privilege, or immunity; (c) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; and (d) without observance of procedure required by law.

WHEREFORE, in accordance with 5 U.S.C. §706, Seneca Re-Ad requests the Court to hold unlawful and set aside the D&Os, as follows:

1. Reversal of the 2016 ALJ D&O, the 2017 ARB D&O, the 2018 ALJ D&O, and the 2020 ARB D&O and dismissal of all liability arising from them;

2. Declaratory judgment that:

   a. 29 U.S.C. §214(c) does not require holders of certificates issued by the Department of Labor pursuant to 29 U.S.C. §214(c) to possess medical, psychological, or like evidence showing a causal connection between an

individual's disability and the individual's diminished earning or productive capacity for specific work performed by the individual;

b. The evidentiary standard created by the ALJ, and found nowhere in the applicable statutes or regulations, is invalid. The ARB's action to adopt the ALJ's evidentiary standard, on behalf of the Secretary of Labor, constitutes unlawful rule-making in violation of the Administrative Procedure Act and other laws governing the making of administrative rules and is not subject to any deference.

c. 29 U.S.C. §216(b) does not permit an award of liquidated damages in a petition for review proceeding;

d. 29 U.S.C. §213(a)(7) provides a defense to a violation of 29 U.S.C. §206 to a holder of a certificate issued under 29 U.S.C. §214(c).

e. Seneca Re-Ad timely and properly challenged the invalid appointment of the ALJ, thus requiring the ALJ's decisions and orders to be set aside.

3. All other relief to which it is entitled by law.

Respectfully submitted,

/s/Stephen P. Postalakis
STEPHEN P. POSTALAKIS (0063240)
DAVID S. KESSLER (0041982)
Haynes Kessler Myers & Postalakis, Incorporated
300 W. Wilson Bridge Road, Suite 100
Worthington, OH  43085
(614) 764-0681
(614) 764-0774 (facsimile)
steve@ohiolawyersgroup.com
david@ohiolawyersgroup.com
Attorneys for Plaintiff Seneca Re-Ad Industries, Inc.