UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Seneca Re-Ad Industries, Inc.,	Case No. 3:20-cv-2325

        Plaintiff

    v.	MEMORANDUM OPINION
        AND ORDER

Secretary of the Department of Labor, et al.,

        Defendants

## I.    INTRODUCTION

Before me is Movants Ralph "Joe" Magers, Pamela Steward, and Mark Felton's Rule 24 motion to intervene. (Doc. No. 10). Plaintiff Seneca Re-Ad Industries, Inc. filed an opposition brief, (Doc. No. 11), and Movants replied. (Doc. No. 13). Defendants do not oppose the motion.

## II.    BACKGROUND

In November 2015, Movants, through Disability Rights Ohio ("DRO"), filed a Petition for a Review of Wages with the Department of Labor, asserting their employer – Plaintiff – was unlawfully paying them subminimum wages.

After conducting the hearing, performing a site visit, and reviewing the briefs of the parties, an Administrative Law Judge (the "ALJ") issued his decision finding Plaintiff violated the Fair Labor Standards Act ("FLSA") by paying Movants subminimum wages because Plaintiff could not show Movants were impaired for the work performed. (Doc. No. 1-2). The ALJ also determined the FLSA's two-year statute of limitations was inapplicable to the administrative proceedings and,

therefore, Movants' eligible damages spanned their term of employment and were not restricted to merely those damages incurred within the limitations period.

Movants had not submitted evidence of their wages prior to December 28, 2012, leading the ALJ to award Movants statutory liquidated damages and unpaid wages, calculated based on the Ohio minimum wage, for the period of December 28, 2012 through December 25, 2015. Plaintiff then sought review of the ALJ's decision by the Administrative Review Board ("ARB").

On January 12, 2017, the ARB issued its decision upholding the ALJ's conclusions as to Plaintiff's liability, the inapplicability of the statute of limitations, and Movants' entitlement to liquidated damages. (Doc. No. 1-3). But the ARB found the ALJ erred in calculating the damages based upon Ohio, rather than federal, minimum wage law and remanded the matter, ordering the ALJ to recalculate the damages based on federal minimum wage law. (*Id.*).

On remand, the ALJ allowed Movants to reopen the record to add proof of damages incurred from the beginning of their employment through December 27, 2012 ("Period 1") and those incurred during the 38-day period beginning with the Department of Labor hearing through the February 2, 2016 decision when Plaintiff began paying Movants minimum wage ("Period 3"). (Doc. No. 1-4). The ALJ then recalculated Movants' unpaid wages for the period between December 28, 2012 and December 25, 2015 ("Period 2") based on the federal minimum wage. Ultimately, the ALJ awarded Movants liquidated damages and unpaid wages based on the federal minimum wage for Periods 1 through 3.

Plaintiff again sought review of the ALJ's decision, arguing the ALJ erred in reopening the record, awarding damages for Period 1, and awarding liquidated damages altogether. Plaintiff also asserted for the first time that the ALJ's decision must be vacated because he was not properly appointed under the Appointments Clause of the United States Constitution. The ARB rejected each of these arguments and affirmed the ALJ's decision on September 14, 2020. (Doc. No. 1-6).

Following this second decision, Plaintiff filed this action pursuant to the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.*, and 29 C.F.R. § 525.22, appealing both ARB decisions. (Doc. No. 1). Movants seek to intervene in this action and state a counterclaim seeking "the back pay and liquidated damages they were awarded directly in the administrative proceeding by asking this Court to ensure that, at minimum, the funds they are owed are secured during the pendency of this appeal." (Doc. No. 13 at 3-4).

### III.   DISCUSSION

Rule 24, "broadly construed in favor of potential intervenors," *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991), provides as follows:

> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
> …
>> **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> **(b) Permissive Intervention.**
>
>> **(1) *In General.*** On timely motion, the court may permit anyone to intervene who:
>> …
>>> **(B)** has a claim or defense that shares with the main action a common question of law or fact.
>> …
>> **(3) *Delay or Prejudice.*** In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24.

Movants assert they are entitled to intervene pursuant to Rule 24(a), but argue, alternatively, that they may intervene pursuant to Rule 24(b). Because Movants satisfy their burden with respect to permissive intervention, I need not address whether they are entitled to intervention as of right. *See, e.g., League of Women Voters of Mich. v. Johnson*, 902 F.3d 572, 577 (6th Cir. 2018).

The Sixth Circuit has held that on review of a district court's decision on permissive intervention, "[s]o long as the motion for intervention is timely and there is at least one common question of law or fact, the balancing of undue delay, prejudice to the original parties, and any other relevant factors is reviewed for an abuse of discretion." *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997).

Here, Plaintiff concedes Movants' motion was timely and does not dispute Movants' claims and defenses share a common question of fact and law with this matter. But Plaintiff opposes permissive intervention because it "is concerned that allowing Movants' to intervene will unjustifiably delay and multiply the proceedings." (Doc. No. 11 at 4). Plaintiff identifies several portions of Movants' motion, which it asserts evince Movants' intent not merely to defend the Department of Labor award but expand it. Specifically, Plaintiff alleges Movants intend to seek damages beyond the federal minimum wage as well as attorney fees for the administrative proceeding. (*Id.* at 4-6).

Movants deny any such intent. (Doc. No. 13 at 5-6). Further, their Proposed Counterclaim and Answer states only a claim to the Department of Labor award and does not seek attorney fees as damages. (Doc. No. 13-1). With the assurance that Movants will not seek additional damages than those awarded by the Department of Labor, I find Plaintiff's concerns unfounded.

4

## V. CONCLUSION

Because Movants have a claim or defense that shares a common question of fact or law with the main action, and because Movants' intervention will not cause undue delay or prejudice to the adjudication of the existing parties' rights, I conclude Movants may be permitted to intervene in this matter pursuant to Rule 24(b).  Movants' timely motion to intervene is granted.

So Ordered.

                                                        s/ Jeffrey J. Helmick
                                                        United States District Judge